UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY OGEDEGBE,<br><br>        Plaintiff,<br><br>v.<br><br>MCDERMOTT WILL & EMERY LLP; and JOHN DOES 1-10,<br><br>        Defendants. | Case No. 1:25-cv-08908 |

## JOINT INITIAL STATUS REPORT

Plaintiff Ashley Ogedegbe ("Ogedegbe") and Defendant McDermott Will & Schulte LLP f/k/a McDermot Will & Emery LLP ("the firm"), by and through undersigned counsel, submit this Joint Initial Status Report in accordance with the Court's October 1, 2025 Order (Dkt. 19).

**I.    Nature of the Case**

    **A.    State the basis for federal jurisdiction.**

    This Court has jurisdiction over Ogedegbe's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), as this action involves federal questions regarding the alleged deprivation of Plaintiff's rights under 42 U.S.C. § 1981 ("Section 1981").

    **B.    Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.**

    Ogedegbe asserts claims of race discrimination and retaliation under Section 1981. There are no counterclaims or third-party claims at this time.

    **C.    Describe the relief sought.**

    Ogedegbe seeks the following relief in the Complaint: (i) a declaratory judgment; (ii) injunctive relief; (iii) monetary and economic damages; (iv) non-monetary and/or compensatory damages, including but not limited to emotional distress damages; (v) punitive damages; (vi) pre-judgment interest; (vii) attorneys' fees and costs; and (viii) reinstatement.

    The firm will seek its costs if it is a prevailing party in this action.

    **D.    State whether there has been a jury demand.**

    Ogedegbe has requested a jury trial. The firm denies that Ogedegbe is entitled to have a jury decide all of her claims in this proceeding.

1

  E. **List the names of any parties who have not yet been served.**

  Fictitious defendants John Does 1-10 have not been served.

II. **Discovery and Pending Motions**

  A. **Identify any pending motions.**

  There are no pending motions.

  B. **Submit a proposal for discovery and a case management plan that includes the following information: (1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery; (2) the need for any proposed protective orders; (3) a date for Rule 26(a)(1) disclosures; (4) a date for the completion of fact discovery; and (5) whether there will be expert discovery.**

   (1) The parties agree the Federal Rules of Civil Procedure will govern discovery in this action and do not propose any changes to the limitations of the discovery rules. Should additional discovery beyond what is allowable under the Federal Rules of Civil Procedure be necessary, the parties agree to meet and confer in good faith to resolve any disputes thereof before filing a discovery motion with the Court. The parties anticipate needing to engage in written discovery and oral discovery in the form of depositions of Ogedegbe and individuals with knowledge relating to her claims, including but not limited to firm employees, Ogedegbe's alleged damages, and the firm's defenses. The parties anticipate discovery of electronically stored information ("ESI") but are not aware of any issues relating to the discovery of ESI that need to be addressed by the Court at this time.

   (2) The parties will negotiate a stipulated protective order.

   (3) The parties will exchange Rule 26(a)(1) initial disclosures by <u>November 14, 2025</u>.

   (4) Fact discovery is to be completed by <u>June 26, 2026</u>.

   (5) The parties do not currently anticipate engaging in expert discovery but reserve the right to propose an expert discovery schedule if such discovery becomes necessary.

III. **Settlement and Referrals**

  A. **State whether any settlement discussions have occurred and describe the status of any settlement discussions. (Do *not* provide the particulars of any demands or offers that have been made.)**

  <u>Plaintiff's Position</u>: In March 2025, when Ogedegbe was terminated, she was presented with a severance offer. Then she retained counsel, and throughout much back and forth over several months, there was no new offer made by the firm in light of Ogedegbe raising claims against them. Instead, they just repeated the original severance offer multiple times, which Ogedegbe did not accept. Thus, Ogedegbe filed her complaint.

  <u>Defendant's Position</u>: The parties engaged in settlement discussions before this action was filed and the firm made a settlement offer in May 2025, which Ogedegbe did not accept.

Ogedegbe did not submit a counter and the parties thus have not engaged in any further settlement discussions.

B. **State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

The parties do not request a settlement conference at this time but reserve the right to do so in the future.

C. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction. (Do *not* report whether individual parties have so consented.) The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties have informed their clients of the possibility of proceeding before a Magistrate Judge but do not unanimously consent to proceed before the assigned United States Magistrate Judge at this time.

Dated: October 14, 2025

Respectfully submitted,

| | |
|---|---|
| /s/ Michael J. Willemin | s/ Jill S. Vorobiev |
| Michael J. Willemin | Jill S. Vorobiev, Bar No. 6237734 |
| Brooke Payton | Morgan, Lewis & Bockius LLP |
| Kassandra Vazquez | 110 North Wacker Drive, Suite 2800 |
| Wigdor LLP | Chicago, IL 60606-1511 |
| 85 Fifth Avenue | Telephone: (312) 324-1000 |
| New York, NY 10003 | Facsimile: (312) 324-1001 |
| Tel.: (212) 257-6800 | jill.vorobiev@morganlewis.com |
| Fax: (212) 257-6845 | |
| mwillemin@wigdorlaw.com | Grace Speights, Admitted Pro Hac Vice |
| bpayton@wigdorlaw.com | Morgan, Lewis & Bockius LLP |
| kvazquez@wigdorlaw.com | 1111 Pennsylvania Avenue, NW |
| | Washington, DC 20004-25441 |
| *Counsel for Plaintiff Ashley Ogedegbe* | Telephone: (202) 739-5189 |
| | Facsimile: (202) 739-3001 |
| | grace.speights@morganlewis.com |
| | |
| | *Counsel for Defendant McDermott Will & Schulte LLP* |